## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

GRACO INC. and
GRACO MINNESOTA INC.,

        Plaintiffs,

   v.

HARBOR FREIGHT TOOLS USA, INC.,

        Defendant.

Civil No. _____

**DEMAND FOR JURY TRIAL**

## COMPLAINT

Plaintiffs Graco Inc. and Graco Minnesota Inc. (collectively "Plaintiffs" or

"Graco"), by and through their undersigned attorneys, bring this Complaint against

Harbor Freight Tools USA, Inc. ("Defendant" or "Harbor Freight").

## INTRODUCTION

Graco is an innovator in the airless paint sprayer market. That innovation has led

to the U.S Patent & Trademark Office issuing numerous patents to Graco, including the

two patents at issue in this case. In addition, Graco has continuously marketed and sold

portable electric and gasoline powered airless paint sprayers and related merchandise

under a distinctive blue color (the "Graco Blue Mark"). As a result of Graco's

investment of substantial resources in the continuous and prominent use of the Graco

Blue Mark, the Graco Blue Mark has acquired distinctiveness, is well-known, and is

immediately recognized and associated by consumers, the public, and the trade as

identifying and distinguishing Graco as the exclusive source of the high-quality goods

with which the Graco Blue Mark is used. The Graco Blue Mark is covered by U.S.

Trademark Reg. No. 3,300,390 (the "'390 Registration").  In addition, Graco has used a distinctive design for its professional airless paint sprayers and has therefore developed trade dress rights in the design of the product.

This case is about Harbor Freight's unfair competition and infringement of Graco's patents, trademark, and trade dress through the sale of its Bauer 20V Cordless Handheld Airless Paint Sprayer ("Bauer 20V"), Avanti 2.5 Amp Handheld Airless Paint Sprayer ("Avanti Handheld"), and Avanti AV-APS1 Paint Sprayer ("Avanti Paint Sprayer").

## PARTIES

1.      Plaintiff Graco Inc. is a corporation organized under the laws of the State of Minnesota with a place of business at 88 11th Ave. NE, Minneapolis, Minnesota 55413.

2.      Plaintiff Graco Minnesota Inc. is a corporation organized under the laws of the State of Minnesota with a place of business at 88 11th Ave. NE, Minneapolis, Minnesota 55413.  Graco Minnesota Inc. is a wholly owned subsidiary of Graco Inc.

3.      Defendant Harbor Freight Tools USA, Inc. is a corporation organized under the laws of the State of Delaware with a place of business at 26677 Agoura Rd., Calabasas, CA 91302, and it may be served through its registered agent for service of process in Delaware at Corporate Creations Network Inc., 3411 Silverside Road, Tatnall Building, Suite 104, Wilmington, DE 19810.

4.      Defendant Harbor Freight Tools USA, Inc. is registered to do business in the State of Minnesota and it may be served through its registered agent for service of

process in Minnesota at Corporate Creations Network Inc., 5200 Willson Road #150, Edina, MN 55424.

5.      Defendant Harbor Freight Tools USA, Inc. has several regular and established places of business in Minnesota, including a store at 20870 Rogers Dr., Rogers, MN 55374.

## JURISDICTION AND VENUE

6.      This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

7.      This is also an action for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114; trade dress infringement and unfair competition under Section 43 of the Lanham Act, 15 U.S.C. § 1125; and common law trademark infringement, trade dress infringement, and unfair competition under the laws of the state of Minnesota.  This Court has subject matter jurisdiction over the trademark, trade dress, and unfair competition claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. §1121.  This Court has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367 because the claims are so related to the federal claims that they form part of the same case or controversy.

8.      The Court has personal jurisdiction over Defendant at least because Defendant has continuous business contacts in the State of Minnesota and in this District. Defendant has engaged in business activities including transacting business in this

District and purposefully directing its business activities in this District, including the import, marketing and sale of its infringing Bauer and Avanti paint sprayer devices.

9.    Venue is proper in this District because, in accordance with 28 U.S.C. 1400(b), because Defendant has committed acts of infringement and has a regular and established place of business in this District.

10.    Venue is proper in this District, in accordance with 28 U.S.C. § 1391(b), because Harbor Freight is subject to personal jurisdiction with respect to this action in this District and a substantial part of the events giving rise to the claims occurred in this judicial district.  Harbor Freight advertises and sells the infringing Avanti Paint Sprayer in this District.

## FACTUAL BACKGROUND

11.    Founded in 1926 in Minneapolis, Minnesota by two brothers, Russell and Leil Gray, Graco has a long history of designing and manufacturing fluid handling equipment.  By the 1930s, Graco was an industry leader in lubrication management equipment, with sales across the country.

12.    In 1958, Graco introduced the first airless paint sprayer, revolutionizing the paint spraying industry.  In the following decades, Graco's business continued to grow, spreading to international markets and diversifying Graco's spray-gun technology portfolio.

13.    Today, though it has grown to have a strong national and international presence, Graco retains a strong connection to Minnesota, where it is headquartered and has four factories.

4

CASE 0:23-cv-00130-PJS-DLM Doc. 1 Filed 01/17/23 Page 5 of 61

14.     Graco Minnesota Inc. is the owner by assignment of all right, title, and interest in and to United States Patent No. 11,446,689 ("the '689 Patent"), entitled "Portable airless sprayer." The USPTO duly and legally issued the '689 Patent on September 20, 2022. A true and correct copy of the '689 Patent is attached as Exhibit A.

15.     Graco Minnesota Inc. is the owner by assignment of all right, title, and interest in and to United States Patent No. 11,446,690 ("the '690 Patent"), entitled "Portable airless sprayer." The USPTO duly and legally issued the '690 Patent on September 20, 2022. A true and correct copy of the '690 Patent is attached as Exhibit B.

16.     Collectively, the '689 and '690 Patents are referred to as the "Patents-in-Suit."

17.     In general, the Patents-in-Suit relate to portable liquid dispensing systems for spraying liquids such as paint, stain, and the like.

18.     Defendant makes, uses, offers for sale, sells, and/or imports the Bauer 20V.

19.     Defendant makes, uses, offers for sale, sells, and/or imports the Avanti Handheld.

20.     Since at least as early as 1967, Graco has continuously marketed and sold portable electric and gasoline powered airless paint sprayers and related merchandise under the Graco Blue Mark.

21.     Graco Minnesota Inc. is the owner by assignment of all right, title, and interest in and to the '390 Registration for the Graco Blue Mark as applied to the exterior of the housing and other external parts of the housing for the pump motor and the processor compartment of portable electric and gasoline powered airless paint sprayers.

The USPTO duly and legally issued the '390 Registration on October 2, 2007.  A true and correct copy of printouts from the USPTO's Trademark Status & Document Retrieval ("TSDR") database showing the current status and title of the '390 Registration for the Graco Blue Mark is attached as Exhibit C.

22.     For many years, Graco has used a distinctive design for its professional airless paint sprayers.  As a result, Graco has developed trade dress rights in the design of the product.

23.     Specifically, Graco's trade dress for professional airless paint sprayers, including the Pro210ES and 390, consists of: (1) a three-dimensional configuration of an airless paint sprayer featuring a main body in the color blue with silver colored legs and a silver colored section in the front between the nameplate and the housing chamber and having a multifaceted, angled faceplate that narrows to a faceted round housing chamber that tapers from front to back; (2) a prominent filter manifold on the side of the housing chamber having a cylindrical shape with an angled taper that transitions to a smaller cylindrical upper section and top that contains a vertical rib pattern and round cap with a rounded edge and flat top; and (3) a stand that consists of two tubes, side-by-side, orientated front-to-back, that form four legs with the two rear legs being longer than the two front legs, all having gradual knee bends and straight lower segments with extra tall black leg caps.

### COUNT 1: Infringement of U.S. Patent No. 11,446,689

24.     Graco realleges and incorporates by reference paragraphs 1-23 above, as if fully set forth herein.

25.     Each and every claim of the '689 Patent is valid and enforceable.

26.     In violation of 35 U.S.C. § 271, Defendant has infringed at least claim 1 of the '689 Patent by, among other things, making, using, offering for sale, selling, and/or importing into the United States unlicensed products that infringe.  Such unlicensed products include, by way of example and without limitation, Defendants' Bauer 20V and Avanti Handheld paint sprayers.  Ex. D; Ex. E.

27.     For example, the Bauer 20V is a handheld paint sprayer for spraying paint, as shown below:



*See* Ex. F at 9.  As shown above, the Bauer 20V Service Manual shows that it includes a paint cup.  *Id.*  The warnings for the Bauer 20V in the Service Manuel further state that "[a]lthough this paint gun is airless, it still puts out paint at a very high pressure."  *Id.* at 10 (emphasis added).  The Bauer 20V service manual further describes filling the paint cup with paint.  *Id.* at 12.

28.     The Bauer 20V comprises a housing that forms a handle, as shown below:



29.    The Bauer 20V further comprises a tip guard supported by the housing, the

tip guard having a bore, as shown below:



*See* Ex. F at 9, 17.

 

30.    The Bauer 20V further comprises a reversible spray tip including a barrel that is insertable into the tip guard's bore and rotatable within the bore and that comprises a spray orifice that atomizes the paint, as shown below:

• Attach horizontally for horizontal spray pattern.



• Attach vertically for vertical spray pattern.





**Clearing Spray Tip Blockage**
   a.  Lock Trigger.
   b.  Open **Prime/Spray Valve.**
   c.  Reverse **Spray Tip** to **CLEAN** position.
   d.  Close **Prime/Spray Valve.**
   e.  Unlock Trigger and spray on scrap workpiece.
   f.  Release and lock Trigger.
   g.  Reverse **Spray Tip** to **SPRAY** position.

*See* Ex. F at 13, 17.



As shown above, the Bauer 20V's spray tip is described in the user manual as being reversible between a CLEAN and SPRAY position and is insertable into the bore in the tip guard. As also shown above, the Bauer 20V's spray tip comprises a spray orifice in its lower portion that atomizes paint.

31. The Bauer 20V further comprises an electric motor located within the housing that outputs rotational motion, as shown below:



As depicted above, the Bauer 20V includes an electric motor that outputs rotational motion during operation.

32.     The Bauer 20V further comprises a drive located within the housing that converts rotational motion output by the electric motor to reciprocating linear motion.  As depicted in the below images, the Bauer 20V's electric motor couples to a drive that converts rotational motion of the motor to reciprocating linear motion:



33.    The Bauer 20V further comprises a trigger supported by the housing that is configured to control activation of the electric motor, as shown below:




Ex. F at 9, 10.




34.    The Bauer 20V further comprises a reservoir supported by the housing that is configured to store a supply of paint, as shown below:



Ex. F at 9.



As shown above, the Bauer 20V's manual labels the reservoir identified in the above pictures as a "Paint Cup."  *See* Ex. F at 9.  As also shown above, the paint cup is filled with paint during operation.

35.    The Bauer 20V further comprises a pump located within the housing and above the reservoir, as shown below:



36.    The Bauer 20V's pump is driven by the reciprocating linear motion from

the drive, as depicted below:





As depicted above, during operation the Bauer 20V's pump is driven by the reciprocal linear motion of the drive, which, as described above, is converted from the rotational motion output by the electric motor.

37.     The Bauer 20V's pump includes a piston configured to reciprocate to draw paint up from the reservoir into a pumping chamber and drive the paint from the pumping chamber to the spray orifice disposed downstream of the pump to atomize the paint, as shown below:



Ex. F at 23.



38.    The Bauer 20V further comprises a return valve connected to the pump, as shown below:





39.    The Bauer 20V's return valve is located downstream of the pumping

chamber, as shown below:



40.     The Bauer 20V's return valve comprises a return valve spring that pushes a return valve ball to engage a return valve seat to seal the return valve, as depicted below:





41.     The Bauer 20V's return valve is configured to redirect paint output from the at least one pumping chamber back into the reservoir when pressure of the paint output by the pump exceeds a first pressure threshold to overcome the return valve spring so that the return valve ball moves away from the return valve seat such that at least some of the paint output from the at least one pumping chamber flows through the return valve seat to flow back into the reservoir, as depicted below:



Paint Flow Path For Returning to Reservoir



Return Outlet Within Reservoir

As depicted above, when pressure of the paint output by the pump exceeds a first pressure threshold to overcome the return valve spring, the return valve ball is pressed away from the return valve seat, causing paint to flow back through the return valve and return to the reservoir.

42.     The first threshold (opening of return valve) is about 3,300 PSI.

43.     The Bauer 20V further comprises a valve connected to the pump, as shown below:



44.    The Bauer 20V's valve is located downstream of the at least one pumping

chamber, as shown below:



Ex. F at 23.



45.    The Bauer 20V's valve comprises a cylinder, a needle extending within the cylinder, a ball tip supported by the needle, and a spring extending within the cylinder and positioned around the needle, as shown below:





46.    The spring of the Bauer 20V's valve biases the ball tip against a seat to block the paint output from the pumping chamber from flowing to the spray orifice when the paint is below a second threshold pressure, as depicted below:



47.    The paint within the Bauer 20V's cylinder forces the needle to retract the ball tip to open the valve when the pressure of the paint is above the second threshold pressure to allow the paint within the cylinder to flow past the valve to be atomized by the spray orifice, as depicted below:



As depicted above, when the pressure of the paint exceeds the threshold pressure, the pressure causes the needle to retract the ball tip, thus opening the valve and allowing paint to flow to be atomized by the spray orifice.

48.    The second threshold (opening the valve) it about 1,050 PSI.

49.    The Bauer 20V's first pressure threshold is higher than the second pressure threshold.  That is, the pressure that overcomes the return valve spring (about 3,300 PSI), causing paint to flow back into the reservoir, is higher than the pressure that causes the needle to retract (about 1,050 PSI) to allow paint to be atomized by the spray orifice.

50.     The Avanti Handheld is materially the same as the Bauer 20V.  Thus, for the same reasons, as detailed in Exhibit E, the Avanti Handheld also infringes at least claim 1 of the '689 Patent.  *See also* Ex. G.

51.     By its actions, Defendant has injured Graco and is liable to Graco for infringement of the '689 Patent pursuant to 35 U.S.C. § 271.

52.     At least by way of this complaint, Defendant has knowledge of and is aware of the '689 Patent, and knows that it is infringing the '689 Patent.

## COUNT 2:  Infringement of U.S. Patent No. 11,446,690

53.     Graco realleges and incorporates by reference paragraphs 1-52 above, as if fully set forth herein.

54.     Each and every claim of the '690 Patent is valid and enforceable.

55.     In violation of 35 U.S.C. § 271, Defendant has infringed at least claim 1 of the '690 Patent by, among other things, making, using, offering for sale, selling, and/or importing into the United States unlicensed products that infringe.  Such unlicensed products include, by way of example and without limitation, Defendants' Bauer 20V and Avanti Handheld paint sprayers.  *See* Ex. H; Ex. I.

56.     For example, the Bauer 20V is a handheld paint sprayer for spraying paint, as shown below:



*See* Ex. F at 9.  As shown above, the Bauer 20V Service Manual shows that it includes a

paint cup.  *Id.*  The warnings for the Bauer 20V in the Service Manuel further state that

"[a]lthough this paint gun is airless, it still puts out paint at a very high pressure."  *Id.* at

10 (emphasis added).  The Bauer 20V service manual further describes filling the paint

cup with paint.  *Id.* at 12.

57.    The Bauer 20V comprises a housing that forms a handle, as shown below:



58.    As The Bauer 20V further comprises a tip guard supported by the housing,

the tip guard having a bore, as shown below:



*See* Ex. F at 9, 17.



59.     As The Bauer 20V further comprises a reversible spray tip including a barrel that is insertable into the tip guard's bore and rotatable within the bore and that comprises a spray orifice that atomizes the paint, as shown below:

• Attach horizontally for horizontal spray pattern.



• Attach vertically for vertical spray pattern.





**Clearing Spray Tip Blockage**

    a. Lock Trigger.

    b. Open **Prime/Spray Valve.**

    c. Reverse **Spray Tip** to **CLEAN** position.

    d. Close **Prime/Spray Valve.**

    e. Unlock Trigger and spray on scrap workpiece.

    f. Release and lock Trigger.

    g. Reverse **Spray Tip** to **SPRAY** position.

*See* Ex. F at 13, 17.



As shown above, the Bauer 20V's spray tip is described in the user manual as being

reversible between a CLEAN and SPRAY position and is insertable into the bore in the

tip guard.  As also shown above, the Bauer 20V's spray tip comprises a spray orifice in its lower portion that atomizes paint.

60.    The Bauer 20V further comprises an electric motor located within the housing that outputs rotational motion, as shown below:



As depicted above, the Bauer 20V includes an electric motor that outputs rotational motion during operation.

61.    The Bauer 20V further comprises a drive located within the housing that converts rotational motion output by the electric motor to reciprocating linear motion.  As depicted in the below images, the Bauer 20V's electric motor couples to a drive that converts rotational motion of the motor to reciprocating linear motion:




62.    The Bauer 20V further comprises a trigger supported by the housing that is configured to control activation of the electric motor, as shown below:




Ex. F at 9, 10.

 

63.    The Bauer 20V further comprises a reservoir supported by the housing that is configured to store a supply of paint, as shown below:



Ex. F at 9.



As shown above, the Bauer 20V's manual labels the reservoir identified in the above pictures as a "Paint Cup." *See* Ex. F at 9.  As also shown above, the paint cup is filled with paint during operation.

64.    The Bauer 20V further comprises a pump located within the housing and above the reservoir, as shown below:



65.    The Bauer 20V's pump is driven by the reciprocating linear motion from

the drive, as depicted below:





As depicted above, during operation the Bauer 20V's pump is driven by the reciprocal linear motion of the drive, which, as described above, is converted from the rotational motion output by the electric motor

66.    The Bauer 20V's pump includes a piston configured to reciprocate to draw paint up from the reservoir and pressurize at least one pumping chamber and drive the paint to the spray orifice disposed downstream of the pump to atomize the paint, as shown below:



Ex. F at 23.



67.    The Bauer 20V further comprises a return valve connected to the pump, as shown below:



68.    The Bauer 20V's return valve is configured to control a return flow of the paint output from the pump back to the reservoir such that a circuit for flow of the paint is formed from the reservoir, through the pump, through the return valve, and into the reservoir, as depicted below:







69.    The Bauer 20V's return valve comprises a body, as shown below:





70.    The Bauer 20V's return valve comprises a seat, as shown below:



71.    The Bauer 20V's return valve comprises a plunger disposed at least partially within the body, the plunger supporting a ball at a first end of the plunger, the ball configured to interface with the seat to block the paint that is output from the pump from flowing back to the reservoir such that the paint output by the pump flows through the reversible spray tip, as depicted below:



72.    The Bauer 20V's return valve comprises a spring located within the body, the plunger extending within the spring, the spring pushing the plunger toward the seat to engage the ball, as depicted below:



73.     The Bauer 20V's return valve comprises a lever connected to the plunger and disposed outside of the housing, the lever configured to be one or both of pushed or pulled by an operator to withdraw the ball from engagement with the seat so that the paint output by the pump flows past the seat and back into the reservoir.





74.     The Avanti Handheld is materially the same as the Bauer 20V.  Thus, for the same reasons, as detailed in Exhibit I, the Avanti Handheld also infringes at least claim 1 of the '690 Patent.  *See also* Ex. G.

75.     By its actions, Defendant has injured Graco and is liable to Graco for infringement of the '690 Patent pursuant to 35 U.S.C. § 271.

76.     At least by way of this complaint, Defendant has knowledge of and is aware of the '690 Patent, and knows that it is infringing the '690 Patent.

## COUNT 3:  Federal Trademark Infringement (15 U.S.C. § 1114(1))

77.     Graco realleges and incorporates by reference paragraphs 1-76 above, as if fully set forth herein.

78.     Since at least as early as 1967, Graco has continuously marketed and sold portable electric and gasoline powered airless paint sprayers and related merchandise under the Graco Blue Mark, including as depicted below:

  

79.     For the past 56 years, Graco has invested substantial resources in the advertising, marketing, and promotion of its airless paint sprayers and related

merchandise bearing the Graco Blue Mark and in developing consumer recognition in the Graco Blue Mark.

80.    Graco airless paint sprayers and related merchandise bearing the Graco Blue Mark are promoted nationwide, including through Graco's website at <*www.graco.com*> and Graco's social media accounts, including the @gracopaintsprayers Instagram account, @gracopaintsprayers Facebook account, the @gracopaintsprayers TikTok account, and @gracopaintspray Twitter account.

81.    Consumers interact with Graco on its social media accounts and actively express their affinity and enthusiasm for the Graco brand by tagging Graco's @gracopaintsprayers Instagram account in their own social media posts.



82.    Graco's airless paint sprayers and related merchandise bearing the Graco Blue Mark are sold and distributed throughout the United States through local authorized distributors including, for example, Sherwin-Williams Company, PPG, The Home Depot, and Lowe's retail stores, to name a few.  In addition, Graco's airless paint sprayers are available for sale on websites such as eBay.

83.    As a result of Graco's investment of substantial resources in the continuous and prominent use of the Graco Blue Mark, the Graco Blue Mark has acquired distinctiveness, is well-known, and is immediately recognized and associated by consumers, the public, and the trade as identifying and distinguishing Graco as the exclusive source of the high-quality goods with which the Graco Blue Mark is used.  The Graco Blue Mark therefore represents a significant business investment and considerable goodwill of great value to Graco.

84.    Indeed, within the professional painting industry, colors are heavily relied upon by consumers to recognize brands.  For example, when speaking of a particular brand, professional painters will often voice their affinity for the brand as "Blue Team" or "#GracoBlue" for Graco; and "Red Team" for third party competitor Titan, as shown in the examples below.



**paintingbyjuan** 😂😂 you can only play in one team⚓ Chose wisely 🔵💙 or ❤️ I'm team Graco 🔥👍

9w   6 likes   Reply

Hide replies

**mvcpaintingandservicesllc** @paintingbyjuan 👍👎 Blue team all the way! @gracopaintsprayers

9w   2 likes   Reply

**thebeardthebrush** @paintingbyjuan lol very very true. Team blue all day 🔵

9w   3 likes   Reply



**spraytechnz**
New Zealand            Follow   ···

Liked by coastline_paintrules, happypainter75 and 55 others

**spraytechnz** What's your weapon of choice for Tuesday? Getting it done with #blueisbest #paintersofinstagram #painterslife #nzpainters #nzpainter #gracoblue #gracosprayer #gracosprayers #gracopaintsprayers #gracocontractorclub #gracoairless #spraytechnz #spraytechcrew #spraytech @phillroindustries @graco_contractor_club @gracopaintsprayers #gettingitdone

May 6, 2019



**cmb_pavement_services_inc**            Following   ···

Liked by kickinasphalt603, wedolines and **47 others**

**cmb_pavement_services_inc** New addition to the growing team. #cmbpavementservices #linestriping #gracolinelazer #sherwinwilliams #gracoblue #linelazer #3900#stripingmass #freeestimates #2016

April 27, 2016



**The Idaho Painter**
May 8, 2018 · 🌐                               ···

A Graco lineup at the Pro-Show today in Boise. If you could have any sprayer for free which one would it be? **#toolshow #lineup #takeyourpick #colorblue #gracoblue** @gracopaintsprayers **#gracopaintsprayers #graco**

👍 40                                    24 Comments

👍 Like      💬 Comment      ↪ Share      🙂▾



unipropainting                                        ···

♡ ○ ▽                                              🔖

**14 likes**

**unipropainting** Break down and cleaning of one of our
@gracopaintsprayers pc guns. The ease to disassembling
and cleaning these guns make them a favorite in our
company. This is why #ourequipmentisblue. Did I also
mention that it's #madeinamerica. We support companies
who's values align with ours. #gracocontractorclub

85.     Upon information and belief, if professional painters were given a color

reference, they could identify the maker, *e.g.*, Blue is Graco, Red is Titan, and

Black/Chrome is TriTech.

| Graco | Titan | TriTech |
|:-----:|:-----:|:-------:|
|  | | |

86.    In addition to its long-standing common law trademark rights in the color blue dating back more than fifty years, Graco Minnesota Inc. owns the '390 Registration in the United States for the Graco Blue Mark as applied to the exterior of the housing and other external parts of the housing for the pump motor and the processor compartment of portable electric and gasoline powered airless paint sprayers.

87.    The '390 Registration is valid, subsisting, in full force and effect, and is incontestable pursuant to 15 U.S.C. § 1065.

88.    Harbor Freight is a company that operates a nation-wide chain of discount hardware stores that offer for sale power tools, generators, jacks, toolboxes, and related merchandise.

89.    Harbor Freight also operates a website located at <www.harborfreight.com> where it markets and sells hardware and tool products throughout the United States.  Harbor Freight's tagline is "Quality Tools / Lowest Prices."

90.    Harbor Freight sells the Avanti Paint Sprayer on Harbor Freight's website and in its retail stores, including stores located in the District of Minnesota.  In addition, the Avanti Paint Sprayer is available for sale on online websites such as eBay.

91.    The Avanti Paint Sprayer is nearly identical in appearance to Graco's professional airless paint sprayers in numerous ways including the use of the color blue applied to the exterior of the housing and other external parts of the product.

92.    Harbor Freight's unauthorized use of the Graco Blue Mark in connection with the advertising, marketing, offering for sale, and sale of its Avanti Paint Sprayer is an infringement of Graco's exclusive rights in its Graco Blue Mark.

93.    The parties' respective goods are targeted and sold to overlapping consumers.

94.    Prior to its advertising, marketing, offering for sale, and sale of its Avanti Paint Sprayer, Harbor Freight had at least constructive knowledge of the Graco Blue Mark under 15 U.S.C. § 1072.

95.    Given the nearly identical appearance between the parties' respective products, Harbor Freight also had actual knowledge of the Graco Blue Mark before it began selling its Avanti Paint Sprayer.

96.    Given the similarities between the parties' marks and products at issue, the strength and longstanding use of Graco Blue Mark, and the overlapping customers, Harbor Freight's use of the color blue in connection with airless paint sprayers is likely to confuse and mislead consumers into believing that there is a connection or association

between Graco's airless paint sprayer products and Harbor Freight's airless paint sprayer products.

97.    Indeed, in or around March 2022, Graco received a phone call from a distributor representative asking if Graco had come out with a private label for Harbor Freight called "Avanti."  The distributor representative—a sophisticated individual with extensive experience and knowledge in the trade—was confused because the Avanti product looked "almost exactly" like a Graco airless paint sprayer and shared many common product features including the color blue.

98.    Likewise, professional painting contractors have expressed confusion about the source of the Avanti Paint Sprayer on social media.  For example, in a Facebook group for "Painting Contractors," a contractor posted a photo of the Avanti Paint Sprayer and asked the group for feedback.  The post (depicted below) elicited a number of responses and comments that show some painting contractors thought the machine was the "same" as various Graco model numbers including the Graco 390 and Graco 210 professional sprayers.[1]

_____

[1] "Nova" is a brand of Graco's 390 professional sprayers.



99.    Harbor Freight's Avanti Paint Sprayer is inferior in quality to the goods authorized to be sold by Graco, and the promotion and sale of Harbor Freight's goods has damaged and will continue to damage the goodwill Graco has developed in connection with offering legitimate, authorized goods under the Graco Blue Mark.

100.    Graco's ownership and exclusive use in commerce of the Graco Blue Mark is superior to and significantly predates any use of the color blue in connection with paint sprayers by Harbor Freight.

101.    Harbor Freight's use of the color blue in commerce in connection with the offering for sale and sale of the Avanti Paint Sprayer, as described above, constitutes

trademark infringement in violation of 15 U.S.C. § 1114(1)(a) because it is without Graco's consent and is likely to cause confusion, to cause mistake, and to deceive as to the origin or source of the Infringing Avanti Paint Sprayer, and/or to cause consumers to believe, mistakenly, that Harbor Freight and/or the Infringing Avanti Paint Sprayer is part of, or sponsored, licensed, endorsed, or approved by, or otherwise affiliated with, Graco.

102.    Harbor Freight was at all relevant times both actually and constructively aware of Graco's prior use and registration of the Graco Blue Mark.  Harbor Freight's conduct is therefore willful.

103.    Upon information and belief, as a direct and proximate result of Harbor Freight's violations of 15 U.S.C. § 1114, Graco has been and will continue to be damaged in an amount to be determined at trial.

104.    Upon information and belief, Harbor Freight has realized, and continues to realize, revenue, profits, and other benefits as a result of its unlawful actions to the detriment of Graco.

105.    Harbor Freight's conduct is causing and, unless Harbor Freight is restrained, will continue to cause Graco to suffer irreparable injury for which Graco has no adequate remedy at law.

**COUNT 4:  Federal Trade Dress Infringement (15 U.S.C. § 1125(a))**

106.    Graco realleges and incorporates by reference paragraphs 1-105 above, as if fully set forth herein.

107. Graco has used a distinctive design for its professional airless paint sprayers for many years. As a result, Graco has developed trade dress rights in the design of the product.

108. Specifically, the Graco Trade Dress consists of: (1) a three-dimensional configuration of an airless paint sprayer featuring a main body in the color blue with silver colored legs and a silver colored section in the front between the nameplate and the housing chamber and having a multifaceted, angled faceplate that narrows to a faceted round housing chamber that tapers from front to back; (2) a prominent filter manifold on the side of the housing chamber having a cylindrical shape with an angled taper that transitions to a smaller cylindrical upper section and top that contains a vertical rib pattern and round cap with a rounded edge and flat top; and (3) a stand that consists of two tubes, side-by-side, orientated front-to-back, that form four legs with the two rear legs being longer than the two front legs, all having gradual knee bends and straight lower segments with extra tall black leg caps, as depicted below.



109.    The Graco Trade Dress is not functional: it does not provide a utilitarian advantage, a plethora of alternative designs are available for use, and its use is not the result of a simple or inexpensive method of manufacture.  Graco selected and uses the Graco Trade Dress for the purpose of identifying its products and distinguishing them from the products of third parties.

110.    The Graco Trade Dress is either inherently distinctive, or, through Graco's continuous use and promotion, has acquired distinctiveness.  Further, the Graco Trade Dress is uniquely associated with Graco and its airless paint sprayer products.  Graco has used the Graco Trade Dress continuously.

111.    Graco has sold billions of dollars of products bearing its distinctive Graco Trade Dress.  It has also spent millions of dollars to promote its products bearing its Graco Trade Dress.  As a result of Graco's extensive advertising and promotion and the wide spread use of Graco's Trade Dress, Graco's Trade Dress is associated by the public as an indicator of the origin and quality of Graco's airless paint sprayer products.

112.    In addition, as explained below, Harbor Freight has copied the Graco Trade Dress, which is further evidence that the Graco Trade Dress has secondary meaning.

113.    By way of example, the Avanti Paint Sprayer is nearly identical in appearance to Graco's Pro210ES airless paint sprayer (one of Graco's professional airless paint sprayers) in numerous aspects that have no connection to the functionality of the product.  Among other things, the Avanti Paint Sprayer features (1) a main body in the color blue with silver colored legs and a silver colored section in the front between the nameplate and the housing chamber and having a multifaceted, angled faceplate that

narrows to a faceted round housing chamber that tapers from front to back; (2) a prominent filter manifold on the side of the housing chamber having a cylindrical shape with an angled taper that transitions to a smaller cylindrical upper section and top that contains a vertical rib pattern and round cap with a rounded edge and flat top; and (3) a stand that consists of two tubes, side-by-side, orientated front-to-back, that form four legs with the two rear legs being longer than the two front legs, all having gradual knee bends and straight lower segments with extra tall black leg caps.

114. Photographs illustrating the nearly identical appearance between Graco's Pro210ES airless paint sprayer (left) and the Avanti Paint Sprayer (right) are below:









115.    The Graco Trade Dress, described above, is comprised of distinctive features that are protected under Lanham Act § 43(a).  The Graco Trade Dress is not functional, it does not provide a utilitarian advantage, a plethora of alternative designs are available for use, and its use is not the result of a simple or inexpensive method of manufacture.

116.    The Graco Trade Dress is either inherently distinctive, or, as a result of its use, has acquired secondary meaning whereby the relevant consuming public and the trade associate these features with a single source.

117.    Harbor Freight uses in commerce trade dress that is confusingly similar to Graco's unique and protectable trade dress, on and in connection with the sale of the Infringing Avanti Paint Sprayer.

118.    Harbor Freight's conduct constitutes trade dress infringement in violation of 15 U.S.C. § 1125(a) because it is likely to cause confusion, to cause mistake, and to deceive as to the origin or source of the Avanti Paint Sprayer, and/or to cause consumers to believe, mistakenly, that Harbor Freight and/or the Avanti Paint Sprayer is part of, or sponsored, licensed, endorsed, or approved by, or otherwise affiliated with, Graco.

119.    Harbor Freight was at all relevant times actually aware of Graco's prior use of the Graco Trade Dress.  Harbor Freight's conduct is therefore willful.

120.    Upon information and belief, as a direct and proximate result of Harbor Freight's violations of 15 U.S.C. § 1125(a), Graco has been and will continue to be damaged in an amount to be determined at trial.

121.    Upon information and belief, Harbor Freight has realized, and continues to realize, revenue, profits, and other benefits as a result of its unlawful actions to the detriment of Graco.

122.    Harbor Freight's conduct is causing and, unless Harbor Freight is restrained, will continue to cause Graco to suffer irreparable injury for which Graco has no adequate remedy at law.

### COUNT 5: Federal Unfair Competition (15 U.S.C. § 1125(a))

123.    Graco realleges and incorporates by reference paragraphs 1-122 above, as if fully set forth herein.

124.    Graco owns common law and federally registered rights in the distinctive Graco Blue Mark, and common law rights in the distinctive Graco Trade Dress.

125.    Graco's ownership and exclusive use in commerce of the Graco Blue Mark and Graco Trade Dress are superior to and significantly predate any use of the color blue and nearly identical product design in connection with paint sprayers by Harbor Freight.

126.    Harbor Freight uses the color blue and nearly identical product design in commerce in connection with the offering for sale and sale of the Avanti Paint Sprayer.

127.    Harbor Freight's use of the color blue and nearly identical product design in commerce in connection with the offering for sale and sale of the Avanti Paint Sprayer, as described above, constitutes unfair competition in violation of 15 U.S.C. § 1125(a) because it is without Graco's consent and is likely to cause confusion, to cause mistake, and to deceive as to the origin or source of the Avanti Paint Sprayer, and/or to cause consumers to believe, mistakenly, that Harbor Freight and/or the Avanti Paint Sprayer is part of, or sponsored, licensed, endorsed, or approved by, or otherwise affiliated with, Graco.

128.    Harbor Freight was at all relevant times both actually and constructively aware of Graco's prior use and registration of the Graco Blue Mark, and actually aware of Graco's prior use of the Graco Trade Dress.  Harbor Freight's conduct is therefore willful.

129.    Upon information and belief, as a direct and proximate result of Harbor Freight's violations of 15 U.S.C. § 1125(a), Graco has been and will continue to be damaged in an amount to be determined at trial.

130.    Upon information and belief, Harbor Freight has realized, and continues to realize, revenue, profits, and other benefits as a result of its unlawful actions to the detriment of Graco.

131.    Harbor Freight's conduct is causing and, unless Harbor Freight is restrained, will continue to cause Graco to suffer irreparable injury for which Graco has no adequate remedy at law.

### COUNT 6: Common Law Trademark Infringement, Trade Dress Infringement and Unfair Competition

132.    Graco realleges and incorporates by reference paragraphs 1-131 above, as if fully set forth herein.

133.    Graco owns common law rights in the Graco Blue Mark, and common law rights in the Graco Trade Dress.

134.    Graco's ownership and exclusive use in commerce of the common law Graco Blue Mark and Graco Trade Dress, including in Minnesota, are superior to and significantly predate any use of the color blue and nearly identical product design in connection with paint sprayers by Harbor Freight.

135.    Harbor Freight uses the color blue and nearly identical product design in commerce in connection with the offering for sale and sale of the Infringing Avanti Paint Sprayer.

136.    Harbor Freight's unlawful activities constitute willful trademark and trade dress infringement and unfair competition in violation of the common law of the State of Minnesota.

137.    Upon information and belief, as a direct and proximate result of Harbor Freight's willful trademark and trade dress infringement and unfair competition, Graco has been and will continue to be damaged in an amount to be determined at trial.

138.    Upon information and belief, Harbor Freight has realized, and continues to realize, revenue, profits, and other benefits as a result of its unlawful actions to the detriment of Graco.

139.    Harbor Freight's conduct is causing and, unless Harbor Freight is restrained, will continue to cause Graco to suffer irreparable injury for which Graco has no adequate remedy at law.

## DEMAND FOR JURY TRIAL

Graco hereby demands trial by jury on all claims and issues so triable.

## PRAYER FOR RELIEF

Graco respectfully requests that this Court enter judgment against Defendant as follows:

A.    Finding that each of the Patents-in-Suit has been infringed by Defendant;

B.    Awarding damages adequate to compensate Graco for the patent infringement that has occurred, in accordance with 35 U.S.C. § 284, including an assessment of pre-judgment and post-judgment interest and costs, and an accounting as appropriate for infringing activity not captured within any applicable jury verdict;

C.    Enjoining Defendant from further infringement of the Patents-in-Suit;

D.    Finding that this is an exceptional case and an award to Graco of its costs, expenses, and reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. § 285;

E.    Finding that Defendant infringed Graco's registered Graco Blue Mark under 15 U.S.C. § 1114;

F.    Finding that Defendant infringed Graco's common law rights in the Graco Blue Mark and Graco Trade Dress and committed acts of unfair competition under 15 U.S.C. § 1125(a);

G.    Finding that Defendant infringed Graco's rights in the Graco Blue Mark and Graco Trade Dress, and committed unfair competition under the common laws of the State of Minnesota;

H.    Granting an injunction permanently enjoining and restraining Defendant, its officers, employees, agents, attorneys, and all persons acting by, through, or in concert with any of them, from:

     i.    using the Graco Blue Mark and any confusingly similar mark in a manner that is likely to cause consumer confusion;

     ii.   using the Graco Trade Dress and any confusingly similar trade dress in a manner that is likely to cause consumer confusion;

     iii.  doing any other act likely to cause confusion or mistake or to deceive consumers into believing, mistakenly, that Harbor Freight's products are sponsored, licensed, endorsed, or approved by Graco, or are otherwise affiliated with Graco;

iv.      unfairly competing with Graco;

I.      Directing Defendant to file with the Court and serve on Graco within thirty (30) days after the service on Defendant of an injunction, or such extended period as the Court may direct, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

J.      Awarding Graco its actual damages and Defendant's profits resulting from the infringement of the Graco Blue Mark and Graco Trade Dress, pursuant to 15 U.S.C. § 1117(a), in an amount to be determined at trial;

K.      Declaring this an exceptional case in light of Defendant's knowing and willful infringement of the Graco Blue Mark and Graco Trade Dress;

L.      Finding that Graco's damages be trebled;

M.      Awarding Graco all costs, including attorneys' fees allowable by statute and/or other law; and

N.      Providing such other relief, including other monetary and equitable relief, as this Court deems just and proper.

Dated:  January 17, 2023           **FISH & RICHARDSON P.C.**

By: */s/ Joseph A. Herriges*

Joseph A. Herriges (#0390350)
Conrad A. Gosen (#0395381)
Sarah E. Jack (#0400118)
FISH & RICHARDSON P.C.
60 South 6th Street, Suite 3200
Minneapolis, MN 55402
(612) 335-5070
herriges@fr.com; gosen@fr.com;
jack@fr.com

***Attorneys for Plaintiffs***
***GRACO INC. and GRACO MINNESOTA***
***INC.***