## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| GRACO INC. and<br>GRACO MINNESOTA INC.,<br><br>           Plaintiffs,<br><br>v.<br><br>HARBOR FREIGHT TOOLS USA, INC.,<br><br>           Defendant. | Case No. 23-CV-130 (PJS/LIB)<br><br>**ANSWER AND AFFIRMATIVE<br>DEFENSES OF DEFENDANT<br>HARBOR FREIGHT TOOLS USA,<br>INC.** |

Defendant Harbor Freight Tools USA, Inc. ("Defendant" or "Harbor Freight"), by and through its counsel, hereby answers each allegation of the Complaint of Graco Inc. ("Graco") and Graco Minnesota Inc. ("Graco Minnesota") (collectively, "Plaintiffs"), as follows:

Unless expressly admitted or otherwise qualified, Defendant denies each and every allegation in Plaintiffs' Complaint.

## INTRODUCTION

The allegations in the Introduction of the Complaint constitute Plaintiffs' characterization of their own action and/or are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

## PARTIES

1.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and, on that basis, denies them.

2.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and, on that basis, denies them.

3.      Defendant admits that it is a corporation organized under the laws of the State of Delaware with a place of business at 26677 Agoura Rd., Calabasas, CA 91302, and that its registered agent for service of process in Delaware is Corporate Creations Network Inc., which is located at 3411 Silverside Road, Tatnall Building, Suite 104, Wilmington, DE 19810.  The remaining allegations in this Paragraph constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations.

4.      Defendant admits that it is registered to do business in the State of Minnesota, and that its registered agent for service of process in Minnesota is Corporate Creations Network Inc., which is located at Willson Road #150, Edina, MN 55424.  The remaining allegations in this Paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

5.      Defendant admits that it has a store located at 20870 Rogers Dr., Rogers, Minnesota 55374 as well as other stores in Minnesota.  Defendant denies the remaining allegations in this Paragraph.

## JURISDICTION AND VENUE

6.      Defendant admits that the Complaint purports to allege that this action arises under the United States patent laws, and that this Court has subject matter jurisdiction over patent law claims generally pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Defendant denies,

however, that the Complaint sets forth a valid or meritorious cause of action for patent infringement.

7. Defendant admits that the Complaint purports to allege trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114; trade dress infringement and unfair competition under Section 43 of the Lanham Act, 15 U.S.C. § 1125; and common law trademark infringement, trade dress infringement, and unfair competition under the laws of the State of Minnesota. Defendant also admits that this Court has subject matter jurisdiction over the federal trademark, trade dress, and unfair competition claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. §1121, and supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367. Defendant denies, however, that the Complaint sets forth a valid or meritorious claim under the Lanham Act or the laws of the State of Minnesota.

8. Defendant will not challenge personal jurisdiction over it by this Court for purposes of this action. Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

9. Defendant will not challenge the propriety of venue for purposes of this action. Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

10. Defendant will not challenge the propriety of venue for purposes of this action. Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

## FACTUAL BACKGROUND

11.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and, on that basis, denies them.

12.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and, on that basis, denies them.

13.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and, on that basis, denies them.

14.     Defendant admits that the '689 Patent indicates on its face that it issued on September 20, 2022, that it bears the title "Portable airless sprayer," and that Graco Minnesota Inc. is the assignee.  Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and, on that basis, denies them.

15.     Defendant admits that the '690 Patent indicates on its face that it issued on September 20, 2022, that it bears the title "Portable airless sprayer," and that Graco Minnesota Inc. is the assignee.  Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and, on that basis, denies them.

16.     Defendant admits that the Complaint refers to the '689 and '690 Patents as the "Patents-in-suit."

17.     Defendant admits the allegations in this Paragraph.

18.    Defendant admits that it uses, offers for sale, sells, and imports the Bauer 20V Cordless Handheld Airless Paint Sprayer ("Bauer 20V").  Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

19.    Defendant admits that it uses, offers for sale, sells, and imports the Avanti 2.5 Amp Handheld Airless Paint Sprayer ("Avanti Handheld").  Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

20.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and, on that basis, denies them.

21.    To the extent this Paragraph asserts legal conclusions, no response is required.  If a response is required to allegations setting forth legal conclusions, Defendant denies them.  Defendant admits that Exhibit C to the Complaint appears to consist of printouts from the USPTO's Trademark Status & Document Retrieval database.  Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and, on that basis, denies them.

22.    To the extent this Paragraph asserts legal conclusions, no response is required.  If a response is required to allegations setting forth legal conclusions, Defendant denies them.

23.    To the extent this Paragraph asserts legal conclusions, no response is required.  If a response is required to allegations setting forth legal conclusions, Defendant denies them.  Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and, on that basis, denies them.

## COUNT 1: Infringement of U.S. Patent No. 11,446,689

24.    Answering this Paragraph, which realleges the allegations in Paragraphs 1-23 of the Complaint, Defendant restates its respective admissions and denials of the allegations made in Paragraphs 1-23 of the Complaint.

25.    To the extent this Paragraph asserts a legal conclusion, no response is required. If a response is required as to allegations setting forth legal conclusions, Defendant denies them.

26.    To the extent this Paragraph asserts a legal conclusion, no response is required. If a response is required as to allegations setting forth legal conclusions, Defendant denies them.

27.    Defendant admits that the Bauer 20V is a handheld paint sprayer. Defendant admits that the Bauer 20V Service Manual ("20V Manual") includes a diagram depicting a component labeled "Paint Cup."  Defendant admits that the 20V Manual states that "[a]lthough this paint gun is airless, it still puts out paint at a very high pressure." Defendant admits that the 20V Manual includes a section titled "Filling Paint Cup."  Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

28.    Defendant admits that this Paragraph includes a photograph of at least part of a Bauer 20V model.  Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

29.    Defendant admits that the diagrams included in this Paragraph are of the Bauer 20V and are included in the 20V Manual.  Defendant admits that the photographs

included in this Paragraph are of the Bauer 20V.  Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

30.    Defendant admits that the Bauer 20V includes a spray tip.  Defendant admits that the illustrations in this Paragraph are of at least part of the Bauer 20V and are included in the 20V Manual.  Defendant admits that the photographs included in this Paragraph are of the Bauer 20V.  Defendant admits that the 20V Manual includes instructions "[a]ttach horizontally for horizontal spray pattern" and "[a]ttach vertically for vertical spray pattern," and includes a section titled "[c]learing Spray Tip Blockage."  Defendant admits that the section titled "[c]learing Spray Tip Blockage" includes the steps "[r]everse Spray Tip to CLEAN position" and "[r]everse Spray Tip to SPRAY position."   Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

31.    Defendant admits that the photographs included in this Paragraph are of a disassembled view of the Bauer 20V, and of one component of the Bauer 20V. Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

32.    Defendant admits that the photographs included in this Paragraph are of certain components of the Bauer 20V.  Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

33.    Defendant admits that the diagrams included in this Paragraph are of the Bauer 20V and are included in the 20V Manual.  Defendant admits that the photographs included in this Paragraph are of the Bauer 20V.  Defendant admits that the Bauer 20V includes a trigger.   Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

34.     Defendant admits that the diagram included in this Paragraph is of the Bauer 20V and is included in the 20V Manual.  Defendant admits that the photographs included in this Paragraph are of the Bauer 20V.  Defendant admits that the Bauer 20V includes a paint cup.  Defendant admits that the paint cup stores paint.  Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

35.     Defendant admits that the photographs included in this Paragraph are of the Bauer 20V.  Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

36.     Defendant admits that the photographs included in this Paragraph are of the Bauer 20V, and of select components of the Bauer 20V.  Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

37.     Defendant admits that the diagram in this Paragraph is included in the 20V Manual and is labeled "Assembly Diagram."  Defendant admits that the photograph included in this Paragraph is of certain components of the Bauer 20V.  Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

38.     Defendant admits that the photographs in this Paragraph are of certain components of the Bauer 20V.  Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

39.     Defendant admits that the photographs in this Paragraph are of certain components of the Bauer 20V.  Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

40.     Defendant admits that the photographs in this Paragraph are of certain components of the Bauer 20V.  Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

41.     Defendant admits that the photographs in this Paragraph are of certain components of the Bauer 20V.  Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

42.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and, on that basis, denies them.

43.     Defendant admits that the photograph in this Paragraph is of certain components of the Bauer 20V.  Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

44.     Defendant admits that the partial diagram included in this Paragraph is of the Bauer 20V and is included in the 20V Manual.  Defendant admits that the photograph in this Paragraph is of certain components of the Bauer 20V.  Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

45.     Defendant admits that the photographs in this Paragraph are of certain components of the Bauer 20V.  Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

46.     Defendant admits that the photograph in this Paragraph is of certain components of the Bauer 20V.  Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

47.    Defendant admits that the photograph in this Paragraph is of certain components of the Bauer 20V.  Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

48.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and, on that basis, denies them.

49.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and, on that basis, denies them.

50.    To the extent this paragraph asserts a legal conclusion, no response is required. If a response is required as to allegations setting forth legal conclusions, Defendant denies them.

51.    To the extent this paragraph asserts a legal conclusion, no response is required. If a response is required as to allegations setting forth legal conclusions, Defendant denies them.

52.    To the extent this paragraph asserts a legal conclusion, no response is required. If a response is required as to allegations setting forth legal conclusions, Defendant denies them.

## COUNT 2: Infringement of U.S. Patent No. 11,446,690

53.    Answering this Paragraph, which realleges the allegations in Paragraphs 1-52 of the Complaint, Defendant restates its respective admissions and denials of the allegations made in Paragraphs 1-52 of the Complaint.

54.    To the extent this Paragraph asserts a legal conclusion, no response is required.  If a response is required as to allegations setting forth legal conclusions, Defendant denies them.

55.    To the extent this Paragraph asserts a legal conclusion, no response is required.  If a response is required as to allegations setting forth legal conclusions, Defendant denies them.

56.    Defendant admits that the Bauer 20V is a handheld paint sprayer. Defendant admits that the image included in this Paragraph is of the Bauer 20V.  Defendant admits that the diagram included in this Paragraph is of the Bauer 20V and is included in the Bauer 20V Service Manual ("20V Manual").  Defendant admits that the diagram of the 20V depicts a component labeled "Paint Cup."  Defendant admits that the 20V Manual states that "[a]lthough this paint gun is airless, it still puts out paint at a very high pressure." Defendant admits that the 20V Manual includes a section titled "Filling Paint Cup."  Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

57.    Defendant admits that this Paragraph includes a photograph of at least part of a Bauer 20V model.  Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

58.    Defendant admits that the diagrams included in this Paragraph are of the Bauer 20V and are included in the 20V Manual.  Defendant admits that the photographs included in this Paragraph are of the Bauer 20V.  Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

59.     Defendant admits that the Bauer 20V includes a spray tip.  Defendant admits that the illustrations in this Paragraph are of at least part of the Bauer 20V and are included in the 20V Manual.  Defendant admits that the photographs included in this Paragraph are of the Bauer 20V.  Defendant admits that the 20V Manual includes instructions "[a]ttach horizontally for horizontal spray pattern" and "[a]ttach vertically for vertical spray pattern," and includes a section titled "[c]learing Spray Tip Blockage."  Defendant admits that the section titled "[c]learing Spray Tip Blockage" includes the steps "[r]everse Spray Tip to CLEAN position" and "[r]everse Spray Tip to SPRAY position."   Except as expressly admitted, Defendant denies the remaining allegations this Paragraph.

60.     Defendant admits that the photographs included in this Paragraph are of a disassembled view of the Bauer 20V, and of one component of the Bauer 20V.  Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

61.     Defendant admits that the photographs included in this Paragraph are of certain components of the Bauer 20V, and of one component of the Bauer 20V.  Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

62.     Defendant admits that the diagrams included in this Paragraph are of the Bauer 20V and are included in the 20V Manual.  Defendant admits that the photographs included in this Paragraph are of the Bauer 20V.  Defendant admits that the Bauer 20V includes a trigger.   Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

63.     Defendant admits that the diagram included in this Paragraph is of the Bauer 20V and is included in the 20V Manual.  Defendant admits that the photographs included

in this Paragraph are of the Bauer 20V.  Defendant admits that the Bauer 20V includes a paint cup. Defendant admits that the paint cup stores paint.  Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

64.    Defendant admits that the photographs included in this Paragraph are of the Bauer 20V.  Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

65.    Defendant admits that the photographs included in this Paragraph are of the Bauer 20V, and of select components of the Bauer 20V.  Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

66.    Defendant admits that the diagram in this Paragraph is included in the 20V Manual and is labeled "Assembly Diagram."  Defendant admits that the photograph included in this Paragraph is of certain components of the Bauer 20V.  Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

67.    Defendant admits that the photograph included in this Paragraph is of select components of the Bauer 20V.  Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

68.    Defendant admits that the photographs included in this Paragraph are of select components of the Bauer 20V.  Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

69.    Defendant admits that the photographs included in this Paragraph are of select components of the Bauer 20V.  Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

70.     Defendant admits that the photograph included in this Paragraph is of select components of the Bauer 20V. Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

71.     Defendant admits that the photographs included in this Paragraph are of select components of the Bauer 20V.  Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

72.     Defendant admits that the photographs included in this Paragraph are of select components of the Bauer 20V.  Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

73.     Defendant admits that the photographs included in this Paragraph are of the Bauer 20V and select components thereof.  Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

74.     To the extent this paragraph asserts a legal conclusion, no response is required.  If a response is required as to allegations setting forth legal conclusions, Defendant denies them.

75.     To the extent this paragraph asserts a legal conclusion, no response is required.  If a response is required as to allegations setting forth legal conclusions, Defendant denies them.

76.     To the extent this paragraph asserts a legal conclusion, no response is required.  If a response is required as to allegations setting forth legal conclusions, Defendant denies them.

## COUNT 3: Federal Trademark Infringement (15 U.S.C. § 1114(1))

77.    Answering this Paragraph, which realleges the allegations in Paragraphs 1-76 of the Complaint, Defendant restates its respective admissions and denials of the allegations made in Paragraphs 1-76 of the Complaint.

78.    Defendant denies that Plaintiffs have alleged a protectible trademark. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and, on that basis, denies them.

79.    Defendant denies that Plaintiffs have alleged a protectible trademark. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and, on that basis, denies them.

80.    Defendant denies that Plaintiffs have alleged a protectible trademark. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and, on that basis, denies them.

81.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and, on that basis, denies them.

82.    Defendant denies that Plaintiffs have alleged a protectible trademark. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and, on that basis, denies them.

83.    Defendant denies that Plaintiffs have alleged a protectible trademark. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 82 of the Complaint and, on that basis, denies them.

84.    Defendant denies the allegations in this Paragraph.

85.    The allegations in this Paragraph concerning "a color reference" are too vague and ambiguous to allow a meaningful response and, on that basis, Defendant denies them.  Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and, on that basis, denies them

86.    Defendant denies that Plaintiffs have alleged a protectible trademark.  To the extent this Paragraph asserts legal conclusions, no response is required.  If a response is required as to allegations setting forth legal conclusions, Defendant denies them.  Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and, on that basis, denies them.

87.    To the extent this Paragraph asserts legal conclusions, no response is required.  If a response is required as to allegations setting forth legal conclusions, Defendant denies them.  Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and, on that basis, denies them.

88.    Defendant admits and avers that it is a company that operates hardware stores offering a variety of merchandise, including power tools, generators, jacks, and toolboxes, at prices lower than what many other hardware stores charge, at different locations within the United States.

89.    Defendant admits that it operates the website www.harborfreight.com; that certain hardware and tool products can be purchased on this website; and that it has used the slogan "Quality Tools / Lowest Prices."

90.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph, and, on that basis, denies them.

91.     Defendant denies the allegations in this Paragraph.

92.     Defendant denies the allegations in this Paragraph, including that Plaintiffs have alleged a protectible Trademark.

93.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and, on that basis, denies them.

94.     Defendant denies that Plaintiffs have alleged a protectible trademark.  To the extent this Paragraph asserts legal conclusions, no response is required.  If a response is required as to allegations setting forth legal conclusions, Defendant denies them. Defendant denies the remaining allegations of this Paragraph, if any.

95.     Defendant denies that Plaintiffs have alleged a protectible trademark or that Defendant's products are "nearly identical" in appearance to Plaintiffs' products.  To the extent this Paragraph asserts legal conclusions, no response is required.  If a response is required as to allegations setting forth legal conclusions, Defendant denies them. Defendant denies the remaining allegations of this Paragraph, if any.

96.     Defendant denies the allegations in this Paragraph, including that Plaintiffs have alleged a protectible trademark.

97.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and, on that basis, denies them.

98.     Defendant denies that any of the social media posts shown in this Paragraph expressed confusion about the source of the Avanti Paint Sprayer.  Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and, on that basis, denies them.

99.     Defendant denies that Graco has alleged a protectible trademark.  To the extent this Paragraph asserts legal conclusions, no response is required.  If a response is required as to allegations setting forth legal conclusions, Defendant denies them. Defendant denies the remaining allegations in this Paragraph.

100.     Defendant denies that Plaintiffs have alleged a protectible trademark.  To the extent this Paragraph asserts legal conclusions, no response is required.  If a response is required as to allegations setting forth legal conclusions, Defendant denies them. Defendant denies that is has used the color blue, as opposed to teal, in connection with paint sprayers.  Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and, on that basis, denies them.

101.     Defendant denies that Plaintiffs have alleged a protectible trademark.  To the extent this Paragraph asserts legal conclusions, no response is required.  If a response is required as to allegations setting forth legal conclusions, Defendant denies them. Defendant denies that is has used the color blue, as opposed to teal, in connection with paint sprayers.  Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph, and, on that basis, denies them.

102.    To the extent this Paragraph asserts legal conclusions, no response is required.    If a response is required as to allegations setting forth legal conclusions, Defendant denies them.    Defendant denies the remaining allegations in this Paragraph.

103.    Defendant denies the allegations in this Paragraph.

104.    Defendant denies the allegations in this Paragraph.

105.    Defendant denies the allegations in this Paragraph.

**COUNT 4: Federal Trade Dress Infringement (15 U.S.C. § 1125(a))**

106.    Answering this Paragraph, which realleges the allegations in Paragraphs 1-105 of the Complaint, Defendant restates its respective admissions and denials of the allegations made in Paragraphs 1-105 of the Complaint.

107.    To the extent this Paragraph asserts legal conclusions, no response is required.    If a response is required as to allegations setting forth legal conclusions, Defendant denies them.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegation that it has used a professional airless paint sprayer design for "many years" and, on that basis, denies that allegation.    Defendant denies the remaining allegations of this Paragraph, including that Plaintiffs have alleged a protectible trade dress.

108.    To the extent this Paragraph asserts legal conclusions, no response is required.    If a response is required as to allegations setting forth legal conclusions, Defendant denies them.    Defendant denies the remaining allegations of this Paragraph, including that Plaintiffs have alleged a protectible trade dress.

109.   To the extent this Paragraph asserts legal conclusions, no response is required.   If a response is required as to allegations setting forth legal conclusions, Defendant denies them.  Defendant denies the remaining allegations of this Paragraph.

110.   To the extent this Paragraph asserts legal conclusions, no response is required.   If a response is required as to allegations setting forth legal conclusions, Defendant denies them.  Defendant denies the remaining allegations of this Paragraph.

111.   To the extent this Paragraph asserts legal conclusions, no response is required.   If a response is required as to allegations setting forth legal conclusions, Defendant denies them.  Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations that it has spent particular amounts of money on its products, or on advertising or promoting those products, and, on that basis, denies them.  Defendant denies the remaining allegations of this Paragraph, including that Plaintiffs have alleged a protectible trade dress.

112.   To the extent this Paragraph asserts legal conclusions, no response is required.   If a response is required as to allegations setting forth legal conclusions, Defendant denies them.  Defendant denies the remaining allegations of this Paragraph, including that Plaintiffs have alleged a protectible trade dress.

113.   Defendant denies the allegations in this Paragraph.

114.   Defendant denies the allegations in of this Paragraph, including that the photographs accurately represent the parties' products

115.   To the extent this Paragraph asserts legal conclusions, no response is required.   If a response is required as to allegations setting forth legal conclusions,

Defendant denies them.  Defendant denies the remaining allegations of this Paragraph, including that Plaintiffs have alleged a protectible trade dress.

116.    To the extent this Paragraph asserts legal conclusions, no response is required.  If a response is required as to allegations setting forth legal conclusions, Defendant denies them.  Defendant denies the remaining allegations of this Paragraph, including that Plaintiffs have alleged a protectible trade dress.

117.    Defendant denies the allegations this Paragraph, including the allegation that Plaintiffs have alleged a protectible trade dress.

118.    Defendant denies the allegations this Paragraph, including the allegation that Plaintiffs have alleged a protectible trade dress.

119.    To the extent this Paragraph asserts legal conclusions, no response is required.  If a response is required as to allegations setting forth legal conclusions, Defendant denies them.  Defendant denies the remaining allegations of this Paragraph, including that Plaintiffs have alleged a protectible trade dress.

120.    Defendant denies the allegations in this Paragraph.

121.    Defendant denies the allegations in this Paragraph.

122.    Defendant denies the allegations this Paragraph, including the allegation that Plaintiffs have alleged a protectible trade dress.

## COUNT 5: Federal Unfair Competition (15 U.S.C. § 1125(a))

123.    Answering this Paragraph, which realleges the allegations in Paragraphs 1-122 of the Complaint, Defendant restates its respective admissions and denials of the allegations made in Paragraphs 1-122 of the Complaint.

124.    To the extent this Paragraph asserts legal conclusions, no response is required.  If a response is required as to allegations setting forth legal conclusions, Defendant denies them.  Defendant denies the remaining allegations of this Paragraph.

125.    To the extent this Paragraph asserts legal conclusions, no response is required.  If a response is required as to allegations setting forth legal conclusions, Defendant denies them.  Defendant denies the remaining allegations of this Paragraph.

126.    Defendant denies the allegations in this Paragraph.

127.    To the extent this Paragraph asserts legal conclusions, no response is required.  If a response is required as to allegations setting forth legal conclusions, Defendant denies them.  Defendant denies the remaining allegations of this Paragraph.

128.    To the extent this Paragraph asserts legal conclusions, no response is required.  If a response is required as to allegations setting forth legal conclusions, Defendant denies them.  Defendant denies the remaining allegations of this Paragraph.

129.    To the extent this Paragraph asserts legal conclusions, no response is required.  If a response is required as to allegations setting forth legal conclusions, Defendant denies them.  Defendant denies the remaining allegations of this Paragraph.

130.    To the extent this Paragraph asserts legal conclusions, no response is required.  If a response is required as to allegations setting forth legal conclusions, Defendant denies them.  Defendant denies the remaining allegations of this Paragraph.

131.    To the extent this Paragraph asserts legal conclusions, no response is required.  If a response is required as to allegations setting forth legal conclusions, Defendant denies them.  Defendant denies the remaining allegations of this Paragraph.

## <u>COUNT 6: Common Law Trademark Infringement, Trade Dress Infringement and Unfair Competition</u>

132.    Answering this Paragraph, which realleges the allegations in Paragraphs 1-131 of the Complaint, Defendant restates its respective admissions and denials of the allegations made in Paragraphs 1-131 of the Complaint.

133.    To the extent this Paragraph asserts legal conclusions, no response is required.  If a response is required as to allegations setting forth legal conclusions, Defendant denies them.  Defendant denies the remaining allegations of this Paragraph.

134.    To the extent this Paragraph asserts legal conclusions, no response is required.  If a response is required as to allegations setting forth legal conclusions, Defendant denies them.  Defendant denies the remaining allegations of this Paragraph.

135.    Defendant denies the allegations in this Paragraph.

136.    To the extent this Paragraph asserts legal conclusions, no response is required.  If a response is required as to allegations setting forth legal conclusions, Defendant denies them.  Defendant denies the remaining allegations of this Paragraph.

137.    To the extent this Paragraph asserts legal conclusions, no response is required.  If a response is required as to allegations setting forth legal conclusions, Defendant denies them.  Defendant denies the remaining allegations of this Paragraph.

138.    To the extent this Paragraph asserts legal conclusions, no response is required.  If a response is required as to allegations setting forth legal conclusions, Defendant denies them.  Defendant denies the remaining allegations of this Paragraph.

139.    To the extent this Paragraph asserts legal conclusions, no response is required.  If a response is required as to allegations setting forth legal conclusions, Defendant denies them.  Defendant denies the remaining allegations of this Paragraph.

## PRAYER FOR RELIEF

140.    In response to Plaintiffs' prayer for relief, Defendant denies that Plaintiffs are entitled to any relief from Defendant, whether as prayed for in the Complaint or otherwise.

## AFFIRMATIVE DEFENSES

141.    Defendant asserts the following affirmative defenses as to each claim alleged in the Complaint, without assuming the burden of proof on such defenses that would otherwise fall on Plaintiffs.  Defendant reserves the right to supplement and/or amend these defenses, including to assert new defenses, as discovery is conducted.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

142.    The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (No Irreparable Harm)

143.    Plaintiffs' claims for injunctive relief are barred because Plaintiffs cannot show that they are likely to suffer any irreparable harm from Defendant's actions.

## THIRD AFFIRMATIVE DEFENSE
### (Patent Non-Infringement)

144.    Defendant has not infringed, and does not currently infringe, U.S. Patent No. 11,446,689 ("the '689 Patent") directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner.

145.    Defendant further has not infringed, and does not currently infringe, U.S. Patent No. 11,446,690 ("the '690 Patent") directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner.

## FOURTH AFFIRMATIVE DEFENSE
### (Patent Invalidity)

146.    The claims of the '689 Patent are invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation §§ 102, 103, and 112.

147.    The claims of the '690 Patent are invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation §§ 102, 103, and 112.

## FIFTH AFFIRMATIVE DEFENSE
### (Prosecution Laches)

148.    The claims of the '689 Patent are barred, in whole or in part, by the doctrine of prosecution laches.

149.    The claims of the '690 Patent are barred, in whole or in part, by the doctrine of prosecution laches.

## SIXTH AFFIRMATIVE DEFENSE
### (Trademark and Trade Dress Non-Infringement)

150.    Plaintiffs' claims under the Lanham Act and the laws of the State of Minnesota are barred, in whole or in part, because Defendant did not, and does not, infringe Plaintiffs' trademarks or trade dress as claimed by Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE
### (Invalidity)

151.    Plaintiffs' claims under the Lanham Act and the laws of the State of Minnesota are barred, in whole or in part, because the alleged trademarks and/or trade dress at issue, and the use of said trademarks or trade dress, are functional, generic, not distinctive, and/or otherwise invalid.

## EIGHTH AFFIRMATIVE DEFENSE
### (Laches)

152.    The claims based on the asserted trademark are barred, in whole or in part, under the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

153.    The claims made in the Complaint are barred, in whole or in part, because of Plaintiffs' failure to mitigate damages, if such damages exist.

## TENTH AFFIRMATIVE DEFENSE
### (No Willfulness)

154.    The claims for enhanced damages and an award of fees and costs against Defendant have no basis and should be denied.

## ELEVENTH AFFIRMATIVE DEFENSE
### (No Damage)

155.    Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendant in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

## TWELFTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

156.    The alleged injury or damage suffered by Plaintiffs, if any, would be adequately compensated by damages. Accordingly, Plaintiffs have a complete and adequate remedy at law and are not entitled to seek equitable relief, including but not limited to Plaintiffs' request for injunctive relief.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

157.    The Complaint is barred, in whole or in part, by applicable statutes of limitations.

## ADDITIONAL DEFENSES

158.    Defendant reserves the right to assert additional defenses based on information learned or obtained during discovery.

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiffs take nothing by way of their Complaint;

2.    That the Complaint, and each of its claims for relief, be dismissed with prejudice;

3.    That Defendant be awarded its costs of suit incurred herein, including attorneys' fees and expenses; and

4.    For such other and further relief as the Court deems just and proper.

Dated: March 8, 2023

**SPENCER FANE LLP**

By:    _/s/ Jessica J. Nelson_
    Jessica J. Nelson, #347358
    100 South Fifth Street, Suite 2500
    Minneapolis, MN  55402
    Telephone:  (612) 268-7000
    Facsimile:  (612) 268-7001
    jnelson@spencerfane.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
    David M. Grable (*pro hac vice*)
    Richard Jagdishwar Millett (*pro hac vice*)
    865 S. Figueroa Street, 10th Floor
    Los Angeles, CA 90017
    Telephone:  (213) 443-3000
    Facsimile:  (213) 443-3100
    davegrable@quinnemanuel.com
    richardmillett@quinnemanuel.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
    Eric Huang (*pro hac vice*)
    51 Madison Avenue, 22nd Floor
    New York, NY 10010
    Telephone:  (212) 849-7000
    Facsimile:  (212) 849-7100
    erichuang@quinnemanuel.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
    Margret M. Caruso (*pro hac vice*)
    555 Twin Dolphin Dr., 5th Floor
    Redwood Shores, CA 94065
    Telephone:  (650) 801-5000
    Facsimile:  (650) 801-5100
    margretcaruso@quinnemanuel.com

*Attorneys for Defendant Harbor Freight Tools USA, Inc.*